UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Amber Hyder,

        Plaintiff,

v.

Jonathan Womack and
Contract Freighters, Inc.,

        Defendants

No.3:18-cv-1583

(Judge Richard P. Conaboy)

FILED
SCRANTON
SEP 2 5 2018

**MEMORANDUM**

We consider here Defendants' Partial Motion to Dismiss, for a More Definite Statement, and to Strike (Doc. 2). The parties have fully briefed this motion (Docs. 3 and 5) and it is now ripe for review.

1. **Factual Summary.**[1]

Plaintiff's complaint was initially filed in the Luzerne County Court of Common Pleas but this action was removed to this Court on August 7, 2018. The Court enjoys jurisdiction here on the basis of diversity of citizenship. The action arises from a motor vehicle accident that occurred in Luzerne County on May 31, 2017. Plaintiff was operating a Toyota RAV4 on the San Souci Highway in Hanover Township, Luzerne County when she slowed and

---

[1] The "facts" in this section are derived from the allegations of Plaintiff's complaint which, in the context of a Rule 12(b)(6) motion must be accepted as true. *Morse v. Lower Merion School District,* 132 F3d 902, 906 (3d Cir. 1997).

came to a stop due to traffic in her lane of travel. While she was stopped, Defendant Womack, who was operating a tractor trailer owned by Defendant Contract Freighters, Inc. of Joplin, Missouri, failed to stop in time to prevent striking her vehicle in the rear. The accident caused physical damage to Plaintiff's vehicle and she suffered physical injuries due to the impact. Plaintiff's suit sounds in negligence and negligent entrustment. She also alleges an entitlement to punitive damages based upon her allegation that Defendant Womack operated the tractor trailer with reckless indifference to her safety or, in the alternative, that Defendant Contract Freighters, Inc. was recklessly indifferent to the safety of her and the motoring public in general in employing Defendant Womack without adequate vetting of his driving record. Defendant's motion seeks to dismiss the punitive damages aspect of Plaintiff's complaint, strike references to Defendant Womack as a "professional driver", and eliminate 4 sub-paragraphs of her Complaint.

**2. Legal Standard.**

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim under which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d. Cir. 1987). The Defendant bears the

burden of showing that no claim has been presented. See e.g., Hedges v. United States, 404 F.3d 744, 750 (3d. Cir. 2005)(citation omitted).

The Third Circuit Court of Appeals has articulated the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> [T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id at 1950.

McTernen v. City York, 577 F.3d 521, 530 (3d. Cir. 2009). The Third Circuit Court discussed the effects of Twombly and Iqbal in detail and provided a roadmap for district courts presented with a motion to dismiss for failure to state a claim in a case filed only one week before McTernen, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d. Cir. 2009). That case states:

> District Courts should conduct a two-part analysis. First, the factual and legal elements

of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." Id at 1950. In other words, a complaint must do more than allege a Plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d. Cir. 2008). As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not shown that the pleader is entitled to relief." Iqbal, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Fowler, 578 F.3d at 201-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992 at 2(3d. Cir. September 24, 2009) (not precedential)(quoting Twombly, 550 U.S. at 555).

### 3. Discussion.

Pennsylvania has adopted the Restatement of Torts (Second) formulation for punitive damages based upon recklessness. See Martin V. Johns-Manville Corp., 494 A.2d 1088, 1096 (Pa. 1985). That formulation states:

> Punitive damages may be awarded for conduct that is outrageous, because of the Defendant's evil motive or his <u>reckless indifference to the rights of others</u>. (emphasis supplied.)

See Section 908 (2), Restatement of Torts (Second).

Here the Plaintiff alleges in paragraphs 10(I) and 10(J) of her complaint that Defendant Womack operated the tractor trailer he was driving at a speed in excess of what was reasonable under the circumstances and followed the Plaintiff's vehicle more closely than was reasonable under the circumstances. The Court finds that if either of these allegations of speeding or

-5-

tailgating are proven, a reasonable juror could infer "reckless indifference" on Defendant Womack's part.

Apparently, Plaintiff had her vehicle under sufficient control to enable her to stop her vehicle before contacting the vehicle immediately in front of hers. Defendant Womack did not do so. From that simple fact jurors could reasonably determine that, as alleged in Plaintiff's Complaint, Womack, who was operating a multi-ton commercial vehicle at the time of the accident, was driving too fast for conditions, following too closely, and/or simply not paying that degree of attention the situation required. Any of these things might be seen by reasonable jurors as "outrageous" due to "reckless indifference" as per *Martin v. Johns-Manville*, supra. Mindful of the fact that whether mere negligence has crossed the line to become "outrageous" is normally a jury question (*See Sabo v. Juarez*, 2009 U.S. Dist LEXIS 66452, M.D.Pa. July 31, 2009), the Court finds that Plaintiff's Complaint is adequately specific and sufficient to meet the plausibility requirement of Iqbal and Twombley, supra, as regards Plaintiff's prayer for punitive damages.

Defendants also sought to strike references in the Complaint to Defendant Womack as a "professional driver" on the strength of *Fredericks v. Castora,* 360 A2d. 696 (Pa. Super. 1976). That case stands merely for the proposition that there is

no heightened standard of care for professional drivers in determining negligence. In *Fredericks,* this determination was made in the context of argument over the propriety of the trial court's jury charge that did not include instruction that professional drivers should be held to a higher standard care. Importantly, a close reading of Fredericks reveals that punitive damages were not an issue in that case. Should this case reach trial stage, the Court will insure that the jury is properly charged as to the Pennsylvania negligence standard. The fact that defendant Womack is characterized as a "professional driver" in the Complaint is of no legal significance at this point.[2] Moreover, should this case go to trial, the jury will obviously be well aware that Womack was a professional driver in any event. Should the jury ultimately find negligence in this case, the fact that Defendant Womack is a professional driver may then appropriately be considered by the jury in determining whether punitive damages should be assessed. Accordingly, the Court sees no need for any modifications to the Complaint inasmuch as it clearly informs the Defendants regarding what issues they confront and plausibly articulates a claim for punitive damages. Thus, the Defendants' motion will be denied in

---

[2] The Court also notes that, once discovery has been completed, Defendant will be free to make additional motions should the evidence adduced support same.

all respects. An Order consistent with this determination will be filed contemporaneously.

BY THE COURT,

RICHARD P. CONABOY
UNITED STATES DISTRICT JUDGE

Dated: 25th September, 2018